OPINION
Plaintiff-appellant the State of Ohio appeals from an order suppressing evidence. The State contends that the trial court erred when it found that the stopping police officer could not properly require defendant-appellee Victoria Angel to submit to field sobriety tests, because he lacked a reasonable, articulable suspicion that she was under the influence. Based upon our review of the evidence in the record, we conclude that the trial court properly found that the stopping police officer lacked a reasonable, articulable suspicion that Angel was under the influence. Therefore, we conclude that the trial court properly granted Angel's motion to suppress, and the judgment of the trial court is Affirmed.
 I
By stipulation, this matter was submitted to the trial court upon a written report of police officer Thomas Steiner. Steiner indicated, in his report, that he responded to a report of a "domestic" occurring in an apartment at about 3:00 in the morning of Monday, March 6, 2000. Upon his arrival at the scene, Steiner saw a vehicle being driven by Angel leaving. Steiner used his flashlight "to signal the vehicle to stop." There were four passengers in the vehicle. Steiner had three of them exit the vehicle and asked Angel to pull the car about fifty yards forward, with the front-seat passenger still in the car. Steiner reported that: "As I spoke to the individuals, I could smell a strong odor of an alcoholic beverage, but was not sure who all had been drinking." Steiner reported that one of the passengers, Steven Karnehm, "was very intoxicated, to the point he was having problems standing and was unable to give me either his birthdate or SSN." After Steiner advised Karnehm to go into his apartment, which was in the complex, Steiner returned to the vehicle and spoke to Angel. Steiner required her to give a breath sample in his portable breath tester, and then performed the Horizontal Gaze Nystagmus test. Angel then refused to perform the one-leg stand test or the walk-and-turn test, whereupon Steiner arrested Angel for DUI, took her to the police station and administered a breath alcohol test. Angel was charged with both Driving Under the Influence, and with Driving with a Prohibited Concentration of Alcohol in her Breath.
Angel moved to suppress the evidence, contending that it was a result of an unlawful search and seizure. Following a hearing before a magistrate, the magistrate sustained the motion to suppress. The State objected to the magistrate's decision, but the trial court overruled the State's objections, and adopted the report of the magistrate. From the decision of the trial court suppressing the evidence, the State appeals.
 II
The State's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS, AND CONCLUDING THAT OFFICER STEINER LACKED THE REQUISITE GROUNDS TO CONDUCT AN INVESTIGATORY DETENTION AND SUBSEQUENT ARREST.
The trial court found that the initial stop of Angel's vehicle was lawful. Angel contends that it was not lawful, because the person providing the information leading to the stop was not established as being a credible informant. However, the informant was identified. Generally, a person whose identity is known may provide the police with information sufficient to justify a brief investigative stop. In any event, we find it unnecessary to determine whether the initial stop was lawful, because we agree with the trial court that, assuming the initial stop was lawful, Steiner lacked a reasonable and articulable suspicion justifying the administration of field sobriety tests.
Steiner did not observe any evidence of impaired driving. Before he required Angel to submit to field sobriety tests, Steiner did not observe any evidence of impairment of her physical coordination or mental functioning. The only indication he had that alcoholic beverages may have been consumed was a "strong odor of an alcoholic beverage," but Steiner acknowledged that he could not determine from whom, among the persons he confronted, that odor was emanating. Furthermore, Steiner did observe that one of the individuals, Steven Karnehm, "was very intoxicated." Thus, the "strong odor of alcohol" Steiner detected could be explained by Karnehm's presence, and no particularized suspicion attached to Angel.
It is not unlawful to drive a car in which one or more passengers are intoxicated. Indeed, the salutary practice of having a "designated driver" assumes that a sober driver may be transporting one or more intoxicated individuals.
It is not reasonable for a police officer routinely to include, as a part of every brief, investigative stop, the administration of field sobriety tests to the driver of the vehicle. Because the administration of field sobriety tests is an additional intrusion upon the driver's protective liberty interest, it requires, for its justification, a reasonable, articulable suspicion that the driver may be under the influence. State v. Dixon (December 1, 2000), Greene App. No. 2000-CA-30, unreported. In the case before us, we conclude that the trial court properly found that Steiner lacked a reasonable and articulable suspicion that Angel was under the influence, at the time that he required her to submit to field sobriety testing. Accordingly, the State's sole assignment of error is overruled.
 III
The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.